JODI LINKER
Federal Public Defender
Northern District of California
JOHN PAUL REICHMUTH
Assistant Federal Public Defender
1301 Clay Street, Ste. 1350N
Oakland, CA 94612
Telephone: (510) 637-3500
Facsimile: (510) 637-3507
Email: john_reichmuth@fd.org

Counsel for Defendant Smith

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

LEO SMITH,

Defendant.

**Case No.:** 26–CR–187 JST

**SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE**

**Court:** Courtroom 5, 2nd Floor
**Hearing Date:** August 21, 2026
**Hearing Time:** 9:30 a.m.

## INTRODUCTION

This case arises from a local federal law enforcement initiative, "Operation Disarm." The program seeks to reduce local gun violence in the immediate term by prescribing a surge in illegal firearm prosecutions and the rapid removal from the community of illegal firearm possessors. It is less grounded in a long-term incarceration rationale than some comparable programs. A significant component is the waiver of pretrial release and fast-track resolution of the case. In exchange for the defendant's remaining out of the community and quickly taking responsibility, the government offers significant reductions in sentencing recommendations, in this case a 40 per cent reduction from the low end of the guidelines, resulting in a recommendation of 34 months.

Leo Smith has participated in the program, waiving his detention hearing and immediately resolving his case. He comes before the Court to be sentenced for violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a felon, and requests a sentence of 34 months imprisonment, followed by three years of Supervised Release. That would be sufficient, but not greater than necessary, to comply with the sentencing goals set forth in 18 U.S.C. § 3553.

The parties and the Probation Officer agree on the guidelines in this case, a Total Offense Level of 23 and a Criminal History Category III, yielding an advisory sentencing range of 57 to 71 months imprisonment. The government will not recommend a sentence greater than 34[1] months of imprisonment, and the Probation Officer recommends 40 months of imprisonment. The defense joins in the recommendation of the government. The Probation Officer's rationale for a variance is well-grounded. Once the independent policy rationales of Operation Disarm are added in, the jointly proposed 34-month sentence is well-justified.

## SENTENCING RECOMMENDATION

Criminal "punishment should fit the offender and not merely the crime." *Williams v. New York*, 337 U.S. 241, 247 (1949). That requires "the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 552 U.S. 38, 52 (2007) (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996) (quotations omitted)). Ultimately, the

[1] Technically the government may request 34.*2* months.

"overarching statutory charge for a district court is to 'impose a sentence sufficient but not greater than necessary'" to reflect the factors detailed in 18 U.S.C. § 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (quoting 18 U.S.C. § 3553(a)). The § 3553(a) factors assist the Court in fulfilling its mandate to make "an individualized assessment of a particular defendant's culpability rather than a mechanistic application of a given sentence to a given category of crime." *United States v. Barker*, 771 F.2d 1362, 1365 (9th Cir. 1985). Against this backdrop, the Court must identify the *least amount of time necessary* to satisfy the objectives outlined in 18 U.S.C. § 3553(a). To be clear, every day of prison must be necessary under federal law.

The factors that mitigate this case are set forth in the PSR and will not be repeated in detail. In sum, it would be difficult to find someone with as much room for healing and recovery as Mr. Smith has. Now 49 years of age, he has lived with severe heroin dependency since the age of 16. His parents both suffered from severe substance use dependency, as well. He made it to the 6th grade and has been justice-involved since the age of 12. Since then, he has spent much of his life behind bars. He has been a victim of violent physical (and other) abuse. Immediate family members of his have died violently and become justice involved. His Adverse Childhood Experiences (ACEs) and External ACEs scores are off the charts.

There remains a strong motivation to change, however, which means that Mr. Smith may yet be freed from his cycle of trauma, prison, and addiction. He has not lost his humanity throughout this torturous journey. His wife describes him as a "smart, strong, giving and a good person." PSR ¶ 52. Now that he is in the federal system, the healing and recovery can begin. A 34-month sentence followed by a three-year term of supervised release, with all of the federal tools that may be brought to bear by the Court and Probation Office, will fulfill the needs of sentencing.

There is, of course, a unique reason to follow the recommendation of the government in this case: *Operation Disarm*. This case was filed as part of an initiative resulting from significant planning and consideration, and Mr. Smith then, upon arrest, agreed to participate in it. The participation of the district courts at sentencing is also sought as important to the success of the program: other potential participants must know that the government's recommendations will be given significant weight by the Court. The parties respectfully request that the Court effectuate the

goals of sentencing by following the recommendation rooted in Operation Disarm, which advances the immediate protection of the community while providing a reduced prison sentence and a back-end of supervision. Effectuation of Operation Disarm is effectuation of the goals of sentencing, and it is the practical and just approach to this case.

Mr. Smith also respectfully requests that the Court recommend that he be designated to a medical facility. He suffered a serious attack resulting in surgery for a neck injury. Given this history and his age, such a recommendation would be prudent and helpful to the Bureau of Prisons.

## CONCLUSION

Based on the foregoing, Mr. Smith respectfully requests that he be sentenced to 34 months of incarceration followed by three years of supervised release.

Dated: August 14, 2026

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

/S

JOHN PAUL REICHMUTH
Assistant Federal Public Defender